NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD HENRIES, | : |
| Petitioner, | : Civil Action No. 13-6341 (SRC) |
| v. | : |
| DELBERT SAUERS, et al., | : |
| Respondents. | : OPINION |

**CHESLER, District Judge**

This matter comes before the Court upon the Clerk's receipt of a 28 U.S.C. § 2254 application by Edward Henries ("Petitioner"), a federal inmate confined at the FCI Allenwood, White Deer, Pennsylvania. *See* ECF. No. 1; *see also* ECF. No. 1-1 ("Mem."). Petitioner asserts that, in 1990, he entered a plea on certain New Jersey criminal charges. *See id.* at 2. Upon completion of the New Jersey sentence ensuing from said charges, he committed and was "convicted on a federal drug offence [and had h]is federal sentence . . . enhanced . . . due to [his prior] state conviction . . . in [New Jersey]." *Id.* at 3; *see also USA v. Henries*, Crim. Action No. 00-0788 (JCL) (N.J.D.) (filed Dec. 7, 2000; term. Jan. 31, 2003) (resulting in 280-month prison term Petitioner currently serves).[1] In light of the aforesaid enhancement, Petitioner filed the application at bar challenging his New Jersey conviction. He neither prepaid his filing fee nor submitted his *in forma pauperis* application. *See* ECF. No. 1.

---

[1] In 2009, Petitioner sought post-conviction relief on his then-already-expired New Jersey sentence. *See* Mem. at 3. That application was denied by the state court. *See* id. Petitioner's appellate application for certification by the Supreme Court of New Jersey was, too, denied on November 9, 2012. *See State v. Henries*, 212 N.J. 460 (2012).

1

Pursuant to § 2254, "a district court shall entertain an application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). Thus, a federal court has no jurisdiction to entertain a habeas petition unless the petitioner meets this "in custody" requirement. *Accord Dessus v. Commonwealth of Penn.*, 452 F.2d 557, 559-60 (3d Cir. 1971), *cert. denied*, 409 U.S. 853 (1972) ("[C]ustody is the passport to federal habeas corpus jurisdiction"). It has been long settled that the "in custody" prerequisite means that, at the time his petition is filed, the petitioner must be in custody under the very conviction or sentence he is challenging.[2] *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (*per curiam*) (citing *Carafas v. La Vallee*, 391 U.S. 234 (1968)). Since a *habeas* petitioner cannot remain "'in custody' under a conviction after the sentence [he seeks to attack] has fully expired," *id.* at 492, Petitioner's allegations here cannot present a *bona fide habeas* challenge. *See Eckles v. Wise*, No. 10-2173, 2012 U.S. Dist. LEXIS 135476, at *6 (N.D. Ala. Sept. 21, 2012) (quoting *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001), for the observation that "federal courts normally lack jurisdiction over petitions which challenge a conviction with a completely expired sentence"); *see also*

---

[2] While Petitioner is "in custody" under his current sentence ensuing from a federal conviction, he cannot "stitch" or "extend" that federal custody to his attack on his state conviction to cure the jurisdictional defect. Moreover, his assertion that his counsel was ineffective during the state proceedings neither dissolves nor even affects the jurisdictional bar. *See McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) (stating that, while a court can modify a court-created doctrine so to address claims of actual innocence paired with that of ineffective assistance of counsel, the court cannot modify, relax or dissolve a bar ensuing from "a statutory or jurisdictional command"). Simply put, Petitioner would satisfy the "in custody" requirement had he challenged his federal conviction or sentence, but he did not assert such a challenge. Moreover, if he wished to raise such challenge, he would need to file a Section 2255 motion. No statement in this Opinion or accompanying Order shall be construed as expressing this Court's position as to substantive or procedural validity or invalidity of such motion, if filed.

*DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). Thus, if Petitioner's application is indeed construed as a 2254 habeas petition, the application must be dismissed for lack of jurisdiction.[3] The Court will not construe Petitioner's petition in this manner, however, because it appears that Petitioner intended to bring a *coram nobis* petition.

The writ of error *coram nobis* is an "infrequent" and "extraordinary" form of relief reserved for "exceptional circumstances." *United States v. Babalola*, No. 06-3887 248 F. App'x 409, 411 (3d Cir. 2007) (citing *United States v. Stoneman*, 870 F.2d 102, 106 (3d Cir. 1989); *United States v. Osser*, 864 F.2d 1056, 1059 (3d Cir. 1988); *United States v. Gross*, 614 F.2d 365, 368 (3d Cir. 1980) (*per curiam*), and relying upon *Carlisle v. United States*, 517 U.S. 416, 429 (1996)). Such applications may be brought by a petitioner after his sentence has been served, *see Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003), and are used to attack those rare convictions that are both invalid and have continuing post-custodial consequences. *See Stoneman*, 870 F.2d at 105-06.

But even construing the petition as sounding in *coram nobis* does not cure Petitioner's jurisdictional problem. Leaving aside the issue of whether Petitioner would be able to meet the stringent *coram nobis* requirements, this Court lacks jurisdiction to issue such a writ because a federal court's power of *coram nobis* review is limited to challenges associated with that particular federal court's convictions. In other words, "[o]nly the court that handed down the [wrongful] judgment of conviction . . . may entertain . . . a [*coram nobis*] petition." *Goodman v. United States*, 140 F. App'x 436, 437 (3d Cir. 2005) (citing *Obado*, 328 F.3d at 718). Correspondingly, only the state court

---

[3] Moreover, the petition would be subject to dismissal as untimely, in addition to its invalidity for failure to meet the "in custody" requirement.

that entered Petitioner's conviction under attack has the mandate to render *coram nobis* relief. Therefore, even liberally construing the petition as sounding in *coram nobis*, the petition will be denied for lack of jurisdiction without prejudice to seeking the same in the state forum.[4]

Since Petitioner's allegations challenging his state conviction fall outside this Court's jurisdiction regardless of how the Court was to construe them, his application will be dismissed. The foregoing, however, does not eliminate Petitioner's obligation to prepay his $ 5.00 filing fee or duly obtain *in forma pauperis* status in connection with this matter.

The "[Habeas] Rule 3(b) requires the [C]lerk to file a petition, even though it may otherwise fail to comply with [Habeas] Rule 2. The [R]ule . . . is not limited to those instances where the petition is defective only in form; the [C]lerk [is] also required . . . to file the petition even though it lack[s] the required filing fee or an *in forma pauperis* form." 28 U.S.C. § 2254, Rule 3, Advisory Committee Notes, 2004 Am. However, Section 1914, the filing fee statute, provides in relevant part that "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay . . . a filing fee of $ 5." 28 U.S.C. § 1914(a).[5] Therefore, Petitioner

---

[4] No statement in this Opinion or accompanying Order shall be construed as expressing this Court's position that Petitioner might be entitled to *coram nobis* relief in the event he elects to seek it in the state forum.

[5] The accompanying provision, Section 1915, governs applications filed *in forma pauperis* and provides, in relevant part, that leave to proceed *in forma pauperis* may be granted in any suit to a litigant "who submits an affidavit that includes a statement of all assets such [litigant] possesses [if such affidavit demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); *see also Smith v. Bennett*, 365 U.S. 708, 712 (1961) ("[W]hile [$ 5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$ 500]").

will be directed submit his filing fee of $ 5 or an *in forma pauperis* application. *Cf. Kemp v. Harvey*, 2006 U.S. Dist. LEXIS 8939, at 18 n.6 (D.N.J. Mar. 3, 2006) ("[I]t would be indeed anomalous to allow persons [stating no cognizable claim] to usurp judicial resources and bring claims without payments while obligating every litigant [stating a cognizable claim] to pay the fee . . . .").[6]

Finally, since Petitioner commenced this matter as a Section 2254 proceeding, the Court must determine whether to issue a certificate of appealability ("COA"). *See* 3d Cir. L. App. R. 22.2; Fed. R. App. P. 22.

Pursuant to 28 U.S.C. § 2253 (c), unless a circuit justice or judge issues a COA, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a *habeas* petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

---

[6] Petitioner's failure to submit the filing fee or his *in forma pauperis* application in a timely fashion will entitle the Clerk to institute an action for collection of the fee in light of Petitioner's implied consent to such collection through Petitioner's act of filing of the application. *See Galloway v. Bureau of Prisons,* 08-1924, 2008 U.S. Dist. LEXIS 84942, at *1 and n.1 (D.N.J. Oct. 22, 2008) (citations omitted).

*McDaniel*, 529 U.S. 473, 484 (2000).  Here, Petitioner failed to make the required showing.  Therefore, no COA will issue.

An appropriate Order follows.

   s/ Stanley R. Chesler   
STANLEY R. CHESLER  
United States District Judge

Dated: November 6, 2013