NOT FOR PUBLICATION                                                    **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____

EDWARD HENRIES,                          :

               Petitioner,        :        Civil Action No. 13-6341 (SRC)

               v.                 :

DELBERT SAUERS, et al.,                  :        **MEMORANDUM  OPINION**

               Respondents.       :

_____

This matter comes before the Court upon Petitioner's application seeking reopening of this matter under the holding of Young v. Vaughn, 83 F.3d 72, 75-76 (1996).  See ECF No. 4. This Court construes Petitioner's application as a motion for reconsideration of this Court's prior decision dismissing Petitioner's habeas challenges for lack of jurisdiction.  See ECF Nos. 2 and 3.  For the reasons expressed below, Petitioner's so-construed motion will be denied.

Petitioner is a federal inmate confined at the FCI Allenwood, White Deer, Pennsylvania. See ECF Nos. 1 and 1-1.  On October 23, 2013, he filed a Section 2254 petition asserting that, in 1990, he entered a guilty plea in New Jersey.  See id.  Upon completing his New Jersey sentence, he committed and was convicted of a federal drug offense and, allegedly, had his federal sentence enhanced on the basis of his 1990 New Jersey conviction.  See id.; cf. USA v. Henries, Crim. Action No. 00-0788 (JCL) (N.J.D.) (filed Dec. 7, 2000; term. Jan. 31, 2003) (resulting in 280-month prison term Petitioner currently serves).  In 2009, he sought post-conviction relief as to his then-already-long-expired New Jersey sentence. See ECF No. 1-1, at 3.  That post-conviction relief petition was denied, and his application for certification by the Supreme Court of New Jersey was dismissed.  See State v. Henries, 212 N.J. 460, 56 A.3d 395 (2012).

Yet, tying his Section 2254 attack on his long-expired New Jersey conviction to his currently running federal sentence, Petitioner commenced this matter.  See ECF No. 1.  His submission arrived unaccompanied by his $5 filing fee or in forma pauperis application.  See id.

This Court denied his petition for lack of jurisdiction explaining that, under § 2254, "a district court shall entertain an application for a writ of habeas corpus . . . only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States."  See ECF No. 2, at 2 (quoting 28 U.S.C. § 2254(a)) (emphasis in original).  Since Petitioner was no longer in custody under the New Jersey sentence he was challenging, this Court was without jurisdiction to entertain the petition.  See id. (so explaining and citing, inter alia, Maleng v. Cook, 490 U.S. 488, 490 (1989) (per curiam), and Eckles v. Wise, No. 10-2173, 2012 U.S. Dist. LEXIS 135476, at *6 (N.D. Ala. Sept. 21, 2012)).  In alternative, this Court construed the petition as Petitioner's coram nobis application and analogously dismissed it for lack of jurisdiction because this Court's coram nobis power was limited only to challenges associated with convictions this Court rendered.  See id. at 3-4 (so explaining and citing, inter alia, Goodman v. United States, 140 F. App'x 436, 437 (3d Cir. 2005)).  Therefore, Petitioner's Section 2254 attack on his long-expired New Jersey sentence was dismissed.  Upon that dismissal, Petitioner was ordered to pay his $5 filing fee or submit his in forma pauperis application, and the Clerk duly provided him with a blank in forma pauperis to facilitate his efforts.  See ECF No. 3.

Petitioner, however, neither paid his $5 filing fee nor submitted his in forma pauperis application.  Rather, he filed the motion at bar arguing that this Court erred in dismissing his petition because, under Maleng and Young, he should have met the "in custody" requirement simply because his current federal sentence was enhanced on the basis of his long-expired New Jersey conviction.  See ECF No. 4.  Petitioner's position is without merit.

In Maleng, the Supreme Court held that, once a prisoner's sentence has expired, he is no longer "in custody" under that conviction sufficient for the court to have jurisdiction to hear his habeas petition under § 2254.   See 490 U.S. at 492.  The Maleng Court expressed "no view on the extent to which [an earlier conviction] itself may be subject to challenge in the attack upon [a later sentence] which it was used to enhance."  Id. at 494.  After Maleng, the Court of Appeals held that, when a prisoner sought to collaterally challenge his already expired sentence, he could do so only in a petition attacking his *current* sentence, *not the expired* one.  See Young, 83 F.3d at 75-76 (discussing Clark v. Pennsylvania, 892 F.2d 1142 (3d Cir. 1989), cert. denied sub nom Castille v. Clark, 496 U.S. 942 (1990), and stressing that "a prisoner may attack his *current* sentence by a habeas challenge to the constitutionality of an expired conviction if that conviction was used to enhance his current sentence") (emphasis supplied).  The rationale of – and the narrow exception carved by – Young derived from its unique factual predicate.  See id. at 78 (explaining that, where the prisoner's expired 1989 conviction constituted a parole violation, the prisoner's currently running sentence was not enhanced by virtue of the earlier conviction but, instead, was the sole and direct result of the earlier conviction since, "but for his 1989 conviction, he would not be in prison or otherwise 'in custody' at all").

After the Court of Appeals ruled in Young, the Supreme Court entered a decision highlighting the limitations of Young.  See Lackawanna County District Attorney v. Coss, 532 U.S. 394 (2001).  In Lackawanna, a state prisoner brought a § 2254 petition attacking his current sentence enhanced on the basis of his expired conviction and sentence.  Relying on Maleng, the Lackawanna Court held that the prisoner was "in custody" for the purposes of his *currently running* judgment, but *not* for the purposes of his expired conviction/sentence.  See id. Moreover, the Lackawanna Court expressly addressed the question left unanswered in Maleng,

3

namely, "'the extent to which the [prior expired] conviction itself may be subject to challenge in the attack upon the [current] sentence which it was used to enhance,'" id. (quoting Maleng, 490 U.S. at 493), and held that, "if . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were unavailable . . . , then that defendant . . . may not collaterally attack his prior conviction through a [habeas petition filed after the sentence associated with that prior conviction had] expired." Id. at 402.  Thus, to the extent Petitioner wishes to raise a challenge based on the Young-related case law, he can, at most, fashion an attack on his current federal term (on the grounds that it was unduly enhanced) in a Section 2255 motion.[1]

Since this Court is facially without jurisdiction to entertain Petitioner's Section 2255 attack, his motion for reconsideration, ECF No. 4, is necessarily meritless and will be denied.[2]

An appropriate Order follows.

   s/ Stanley R. Chesler   
STANLEY R. CHESLER
United States District Judge

Dated:  May 5, 2014

---

[1]  No statement in this Court's Memorandum Opinion or the accompanying Order shall be construed as expressing this Court's position that Petitioner's Section 2255 motion, if such is filed, would be procedurally proper or substantively meritorious.

[2] Petitioner will be allowed additional thirty days to pay his $5 filing fee or to submit his in forma pauperis application.  In the event Petitioner fails to do so, the Clerk will be directed to institute a collection proceeding against Petitioner.  See Hairston v. Gronolsky, 348 F. App'x 716, 718 (3d Cir. Oct. 15, 2009) (the obligation to pay the filing fee is automatically incurred by the very act of raising a legal claim).